## Commonwealth v. Imler

*Marrill W. Kerlin, special assistant district attorney,* for the Commonwealth.

*Randy A. Rabenold,* for defendant.

KELLER, *J.,* October 9, 1984—On December 3, 1980, State Game Protectors observed two men fleeing from the site of two recently killed female deer. The doe were taken out of season. Defendant William Park Imler was apprehended shortly thereafter and identified as one of the two individuals who were seen fleeing the scene of the crime. In exchange for Mr. Imler's promise to testify against his accomplice, Eugene Hart, the game protector agreed to charge him under 34 Pa.C.S. §701 with the summary offense of taking only one deer out of season. Field settlement was made with petitioner for one deer as agreed. However, at the trial of Mr. Hart on the charge of killing doe out of season defendant unexpectedly changed his testimony. As a result, Eugene Hart was acquitted. Mr. Imler was subsequently charged with the misdemeanor offense of making false statements to a law enforcement officer and the summary offense of killing a second deer out of season. He retained James M. Schall, Esq., to represent him in these matters. On April 5, 1982, he was found guilty on the summary charge and bound over for court on the misdemeanor charge by District Justice Carole Johnson. He was then fined $432. This appeal followed.

On the misdemeanor charge of giving false information to a law-enforcement officer, defendant was admitted to the Accelerated Rehabilitative Disposition (ARD) Program. In November 1983 James M. Schall, Esq., was elected District Attorney of Fulton

County. In early May he informed Mr. Imler that he could not represent him in this summary appeal.

Attempting to eliminate the conflict of interest created by his new status as district attorney, Mr. Schall appointed Merrill W. Kerlin, Esq., as special assistant district attorney to prosecute all criminal matters, including this case, in which Mr. Schall had been involved as defense counsel. One week prior to trial defendant retained Randy A. Rabenold, Esq., as counsel. The case was continued until June 28, 1984, at which time the matter was called for trial. Attorney Rabenold then presented various oral motions, the disposition of which would have unduly complicated the trial. As a result the court first advised counsel that it would be necessary to proceed under the customary Rules of Criminal Procedure. We then directed defendant to file his written motion on or about July 15, 1984, and ordered a hearing be set to dispose of the pretrial motions.

On July 16, 1984, defendant filed his omnibus pretrial motion in which he asserted:

1. The summary conviction presently on appeal should be dismissed because it violates the double-jeopardy provisions of the United States and Pennsylvania Constitutions, and the compulsory joinder provision of the Pennsylvania Crimes Code, 18 Pa.C.S. §110.

2. The hearing on his summary appeal was held in excess of two years following his conviction on April 5, 1982, and more than three and one-half years from the date of the alleged crime. This excessive delay violated his right to due process and a speedy trial.

3. The charges should be dismissed due to prosecutorial misconduct and/or bad faith on the part of the Commonwealth.

4. Certain oral and written statements made by defendant should be suppressed.

5. The evidence against him is insufficient to warrant continued prosecution in this case. Therefore, this court should issue a writ of habeas corpus and dismiss all charges against him.

6. The special prosecutor in this case was improperly appointed and should, therefore, be dismissed from any further representation of the Commonwealth in this matter.

On July 16, 1984, the specially appointed prosecutor requested this court to dispose of Count VI of the pretrial motion preliminarily to avoid possible duplication of effort and expense. On July 25, 1984, we requested defense counsel submit memoranda of law on or before August 10, 1984, and communicate with the court administrator to set a date and time certain for a hearing on the motion. On August 9, 1984, defense counsel withdrew Counts III and V of the omnibus pretrial motion, and agreed that the court should dispose of Count VI preliminarily and on briefs. Since the parties have adequately addressed this single issue in their memoranda of law, we consider the matter ripe for disposition.

Defendant contends that Mr. Kerlin was improperly appointed as special assistant district attorney and consequently is without authority to act one behalf of the Commonwealth and must be discharged. 71 Pa.C.S. §732-205(a)(3), relied upon by petitioner, provides:

"(a) Prosecutions — The attorney general shall have the power to prosecute in any County Criminal Court the following cases: . . . (3) upon request of the district attorney who lacks the resources to conduct an adequate investigation or the prosecution of the cirminal case or matter or who represents that there is potential for an actual or apparent conflict of

interest on the part of the district attorney or his office."

Defendant argues that this statute requires the attorney general to intervene and prosecute all criminal cases in which a duly elected district attorney feels compelled to disqualify himself as a result of an actual or perceived conflict of interest. Defendant appears to contend that the statute vests in the attorney general the exclusive authority to represent the Commonwealth in any criminal case in which the district attorney has disqualfiied himself.

We disagree. 71 Pa.C.S. §732-205(a)(3) authorizes the attorney general to prosecute cases in county criminal courts only at the request of the district attorney. The statute also gives the attorney general the discretion to refuse to take a particular case. It does not, however, require him to intervene in every matter involving a conflict of interest with the district attorney.

Parenthetically, we note the cases cited by defendant are inapplicable to the issue here under consideration, and suggest a failure to distinguish between the authority of the attorney general to supersede a district attorney and the authority of a district attorney to appoint an assistant.

We find the controlling authority on this issue to be section 1420 of the County Code, 16 P.S. §1420. That section of the County Code applies to eighth class counties such as Fulton County and provides:

"Assistant district attorneys: number; compensation."

"The district attorney may appoint such number of assistants, learned in the law, to assist him in the discharge of his duites, as is fixed by the salary board of the county. The salary board shall fix the salary of such assistants."

Thus, district attorney Schall was clearly authorized to appoint Merrill W. Kerlin as special assistant district attorney for the purpose of prosecuting this particular case and any other matter. There was no impropriety in the appointment of Merrill W. Kerlin as special assistant district attorney and Count VI of defendant's omnibus pretrial motion will be dismissed.

## ORDER OF COURT

Now, this October 9, 1984, Count VI of defendant's omnibus pretrial motion is hereby dismissed.

Counsel for the Commonwealth and defendant are directed to confer with the court administrator and set a day certain for hearing, if necessary, and argument on the remaining counts of defendant's pretrial motion.

Exceptions are granted defendant.